IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**EARL CROSTON, JR.**                                                                 **PLAINTIFF**

v.                           **CASE NO. 4:11CV00461 BSM**

**UNITY TRANSPORTATION**                                                   **DEFENDANT**

## ORDER

On July 19, 2011, *pro se* plaintiff Earl Croston, Jr. was ordered to file an amended complaint to cure the deficiencies noted by defendant Unity Transportation ("Unity") in its first motion to dismiss. [Doc. No. 12]. On August 3, 2011, Croston filed an amended complaint. Unity again moves to dismiss the complaint for failure to establish subject matter jurisdiction and for failure to state a claim upon which relief may be granted. [Doc. No. 16]. For the reasons set forth below, Unity's motions to dismiss are granted.

Croston's original complaint failed to comply with Federal Rule of Civil Procedure 8(a) and did not plead factual content that would support a reasonable inference that Unity was liable to him. The July 19, 2011, order specifically cautioned that his amended complaint should "clearly state the basis for federal jurisdiction, the precise nature of his suit, a short and concise statement of the relevant facts, and the relief he seeks." Croston's amended complaint is extremely difficult to understand but it seems that he is alleging that he was unfairly fired for his role in a child being left unattended for several hours inside of a van he drove for Unity.

Based on forms included with his original complaint, Croston appears to assert that

the stated reason for his termination is pretextual and that he was actually fired because of his race and religion and in retaliation for some unspecified protected activity. Although technically stricken by the amended complaint, several pages attached to Croston's original complaint show that he exhausted his administrative remedies with the Equal Employment Opportunity Commission and timely commenced this lawsuit. Therefore, Unity's argument that the undersigned lacks subject matter jurisdiction over this case is rejected.

The remaining issue is whether the documents filed by Croston, when read together and liberally construed, state a claim upon which relief may be granted. Giving Croston every benefit of every doubt, he has still failed to allege sufficient facts to support an action for wrongful termination based on racial or religious discrimination or retaliation under Title VII of the Civil Rights Act of 1964. Accordingly, this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is therefore ordered that Unity's motions to dismiss [Doc. Nos. 4, 16] are GRANTED, and all other pending motions are DENIED AS MOOT.

IT IS SO ORDERED this 17th day of August 2011.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE